# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-KA-01031-SCT

*MARCUS O'NEAL FLOWERS a/k/a TUPAC a/k/a*
*MARCUS FLOWERS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/13/2009 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF INDIGENT APPEALS |
| | BY: ERIN E. PRIDGEN |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: STEPHANIE B. WOOD |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/24/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1. Marcus O'Neal Flowers was convicted of murder for fatally shooting Charles Wash. He claims that the jury's verdict was against the overwhelming weight of the evidence and asks for a new trial. He believes he is entitled to such relief because there were conflicts between the State's evidence and his evidence, and the credibility of the State's main witness was called into question. Flowers's arguments are without merit. Evidentiary conflicts and

credibility issues are questions for the jury, not grounds for a new trial, and the jury's verdict is not against the weight of the evidence. Therefore, the conviction of Marcus Flowers is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2. Charles Wash was shot and killed on April 7, 2008, in an area of Little I-20 Road in Newton County, Mississippi, containing five trailer homes. Deputy Jeremy Pinson was the first officer on the scene and discovered Wash's body in the driver seat of a truck that had crashed into a tree near the trailers. Wash had been shot multiple times in the chest and face and was dead when Deputy Pinson arrived. Soon after Deputy Pinson arrived, David Hilton came out of one of the trailers. Hilton told Deputy Pinson that Wash was dropping him off at his mother-in-law's trailer when a man in dark clothing and a ski mask came out of the woods and began firing at Wash. Hilton said he did not see the shooter's face but could identify the shooter as Marcus Flowers based on the shooter's voice. Hilton later admitted to police that he had agreed several weeks earlier to help Flowers kill Wash but insisted that he had nothing to do with the shooting on April 7, 2008. The day after the shooting, the police recovered a white sock, an Air Jordan tennis shoe, and a white tank-top shirt from the crime scene. DNA evidence was not obtained from the shoe or the sock, but Flowers was determined to be the majority DNA contributor to the white tank-top shirt. The police also recovered Flowers's cell phone from the scene. Finally, the police obtained conflicting statements from several people regarding Flowers's whereabouts the night of the shooting.

¶3. Based on this evidence, Flowers was charged with Wash's murder. At trial, the State put on thirteen witnesses and entered thirteen exhibits. The most incriminating testimony

2

was provided by David Hilton; Mary Cooper; Santana Griffin, and Cedric Walker; Randy Patrick and Mark Spence; Dr. Bo Scales; and J.C. Wash ("J.C.").[1] Hilton, the only witness to the crime, identified Flowers as the shooter. Cooper placed Flowers at the crime scene thirty minutes before the shooting. Griffin and Walker claimed that Flowers had arrived at their apartment near the crime scene shortly after the shooting without his shirt or cell phone and in need of a ride. Patrick and Spence established that Flowers's cell phone was recovered near the crime scene the day after the shooting, and Dr. Scales told the jury that Flowers was the majority contributor of DNA on the white tank-top shirt found near the crime scene. Finally, J.C. testified that, when he drove by Flowers's home soon after the shooting, no cars were there and no one appeared to be home.

¶4. The defense responded by discrediting Hilton and establishing an alibi for Flowers. Specifically, the defense focused on testimony that Hilton previously had agreed to help Flowers kill Wash and questioned the plausibility of Hilton's story based on the location of Wash's gunshot wounds. With regard to Flowers's alibi, his girlfriend and sister testified that he was home all night and his neighbor claimed to have seen him in his driveway around the time of the shooting. The jury returned a guilty verdict, and Flowers filed a motion for judgment notwithstanding the verdict, or in the alternative for a new trial. The trial court denied Flowers's motion, and he appealed.

---

[1] J.C. Wash is not related to the victim, Charles Wash.

3

**LAW AND ANALYSIS**

¶5.    The sole issue on appeal is whether the trial court erroneously denied Flowers's motion for a new trial. A motion for a new trial should be granted only in "exceptional cases in which the evidence preponderates heavily against the verdict."[2] When reviewing the denial of a motion for a new trial, the evidence must be viewed in the light most favorable to the verdict.[3] A verdict should be upheld unless it "is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice."[4] This occurs only if reasonable men could not have found the defendant guilty based on the evidence when it is viewed in the light most favorable to the verdict.[5]

¶6.    As delineated above, the evidence against Flowers consisted of eyewitness testimony from Hilton, testimony from several corroborating witnesses, including Flowers's friends and law-enforcement officers, and DNA evidence. Convictions have been affirmed based on similar evidentiary support. In *Jenkins*, Orlando Jenkins was indicted for the murder of Andre Barnes.[6] At trial, Winters, who also was indicted for

---

[2]*Weatherspoon v. State*, 56 So. 3d 559, 564 (Miss. 2011).

[3]*Id.* at 564.

[4]*Jenkins v. State*, 947 So. 2d 270, 278 (Miss. 2006) (quoting *Baker v. State*, 802 So. 2d 77, 81 (Miss. 2001)).

[5]*Bush v. State*, 895 So. 2d 836, 844 (Miss. 2005) (quoting *Amiker v. Drugs For Less, Inc.*, 796 So. 2d 942, 947 (Miss. 2000)).

[6]*Jenkins*, 947 So. 2d at 274.

4

Barnes's murder, testified that he saw Jenkins kill Barnes.[7]  Three other witnesses implicated Jenkins by placing him in Barnes's company the night of the murder and saying he had hidden his gun and the clothes he was wearing that night.[8]  The State also put on evidence that Barnes's blood was found on Jenkins's shoe.[9]  The jury convicted Jenkins of murder, and this Court affirmed, finding that the verdict was not against the overwhelming weight of the evidence.[10]  As in **Jenkins**, the State here supported its case with eyewitness testimony from a biased third party, testimony from several corroborating witnesses, and DNA evidence.  In reviewing the evidence in the light most favorable to the verdict, we find that the verdict is supported by the weight of the evidence.  Flowers's conviction is affirmed.

**CONCLUSION**

¶7.    Substantial evidence supported the jury's verdict convicting Flowers of murder for killing Wash.  The only witness to the crime identified Flowers as the shooter.  Flowers's cell phone and a shirt containing his DNA were found near the crime scene.  Two of Flowers's friends testified that Flowers had shown up at their apartment shortly after the

---

[7]*Id.*

[8]*Id.*

[9]*Id.*

[10]*Id.* at 278.  *See also* **Ross v. State**, 954 So. 2d 968, 1016-18 (Miss. 2007).  Flowers relies on **Ross** in his brief.  However, in **Ross**, this Court upheld Ross's conviction and the trial court's denial of his motion for a new trial despite its concerns over the contradictory and inconclusive evidence, noting that "[a]bsent from the record are the myriad nuances and subtle impressions from which jurors weigh credibility, and this Court must be wary of encroaching on the peculiar province of the jury."  **Ross**, 954 So. 2d at 1016-18.

shooting without a shirt or his cell phone. A police officer testified that Flowers's car was not at his home shortly after the shooting. And while Flowers did present evidence that contradicted the State's theory of the case, that does not entitle him to a new trial. The jury was required to weigh all the evidence presented to it, judging the weight and credibility of each witness's testimony. The jury resolved the conflicts in favor of the State, and its verdict is not contrary to the weight of the evidence. Therefore, the conviction of Marcus Flowers for the murder of Charles Wash is affirmed.

¶8.    **CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE TO RUN CONSECUTIVELY TO THE SENTENCE IMPOSED IN CAUSE NO. 08-CR-066-NW-G.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**